**CAI QIN HUANG, Petitioner,**

v.

**Eric H. HOLDER, Jr., U.S. Attorney**

General,* Respondent.

No. 08–6051–ag.

United States Court of Appeals,
Second Circuit.

Nov. 6, 2009.

Peter D. Lobel, New York, New York, for Petitioner.

Tony West, Assistant Attorney General; Richard M. Evans, Assistant Director; Benjamin J. Zeitlin, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Petitioner Cai Qin Huang, a native and citizen of the People's Republic of China, seeks review of a November 13, 2008 order of the BIA denying her motion to reopen. *In re Cai Qin Huang*, No. A073 162 200 (B.I.A. Nov. 13, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). When the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard. *See Jian Hui*

*Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir.2008).

We find that the agency did not err in denying Huang's untimely motion to reopen because we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish either materially changed country conditions or an objectively reasonable fear of persecution. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. B.I.A.*, 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"). Because the failure to establish a material change in country conditions provides a valid basis for denying a motion to reopen, we cannot find that the BIA abused its discretion here. *See Wei Guang Wang*, 437 F.3d at 273.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.